UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------x

CZIGANY BECK, individually and on
behalf of others similarly situated,

                              Plaintiff,     :     Case No. 1:20-cv-3229

-against-                    :     **CLASS ACTION COMPLAINT**

                                          :     **(JURY TRIAL DEMANDED)**

MANHATTAN COLLEGE,

                           Defendant.    :

--------------------------------------------------------------x

      Plaintiff Czigany Beck ("Plaintiff") by and through undersigned counsel, brings this action against Manhattan College ("Defendant" or the "College") on behalf of herself and all others similarly situated, and makes the following allegations based upon information, attorney investigation and belief, and upon Plaintiff's own knowledge:

## PRELIMINARY STATEMENT

      1.     Plaintiff brings this case as a result of Defendant's decision to close campus, constructively evict students, and transition all classes to an online/remote format as a result of the Novel Coronavirus Disease ("COVID-19").

      2.     While closing campus and transitioning to online classes was the right thing for Defendant to do, this decision deprived Plaintiff and the other members of the Class from recognizing the benefits of in-person instruction, access to campus facilities, student activities, and other benefits and services in exchange for which they had already paid fees and tuition.

      3.     Defendant has either refused to provide reimbursement for the tuition, fees and other costs that Defendant is no longer providing, or has provided inadequate and/or arbitrary reimbursement that does not fully compensate Plaintiff and members of the Class for their loss.

4.     This action seeks refunds of the amount Plaintiff and other members of the Class are owed on a pro-rata basis, together with other damages as pled herein.

**PARTIES**

5.     Defendant Manhattan College is an institution of higher learning located in Riverdale, New York.

6.     Upon information and belief, Defendant has an estimated endowment of approximately $107.2 Million.

7.     Moreover, upon information and belief, Defendant may be eligible to receive federal stimulus under the CARES Act.  The CARES Act directs that approximately 14 billion dollars be distributed to colleges and universities based upon enrollment and requires that institutions must use at least half of the funds they receive to provide emergency financial aid grants to students for expenses related to the disruption of campus operations due to COVID-19.

8.     Plaintiff is an individual and a resident and citizen of the state of New York.

9.     Plaintiff is currently enrolled as a full-time student in Defendant's undergraduate program, studying engineering.

10.     Plaintiff has paid substantial tuition for the Spring 2020 semester either out of pocket, by utilizing student loan financing, or otherwise.

11.     There are hundreds, if not thousands, of institutions of higher learning in this country.

12.     Some institutions of higher learning provide curriculum and instruction that is offered on a remote basis through online programming which do not provide for physical attendance by the students.

13.     Defendant's institution offers in-person, hands-on curriculum.

14.     Plaintiff and members of the Proposed Tuition Class (described below in paragraph 42) did not choose to attend another institution of higher learning, or to seek an online degree, but instead chose to attend Defendant's institution and enroll on an in-person basis.

15.     Defendant markets the on-campus experience as a benefit of enrollment:[1]

## NEW YORK CITY LOCATION

Manhattan College offers students the best of both worlds: a beautiful campus with a close-knit community and homey atmosphere, plus easy access to the most exciting city in the world — New York.

Many colleges and universities in this region boast about their proximity to New York City, but at Manhattan College we offer a truly unique location. We are within the boundaries of New York City and our campus is next door to a subway stop. But unlike many other New York City schools, we have a true college campus — 23 acres centered around a quad where our students play Frisbee, study under the sun and hang out with friends.

16.     The tuition for in-person instruction at Defendant's institution covers not just the academic instruction, but encompasses an entirely different experience which includes but is not limited to:

    i.      Face-to-face interaction with professors, mentors, and peers;

    ii.     Access to facilities such as computer labs, study rooms, laboratories, libraries, etc.;

    iii.    Student governance and student unions;

    iv.     Extra-curricular activities, groups, intramurals, etc.;

    v.      Student art, cultures, and other activities;

    vi.     Social development and independence;

    vii.    Hands-on learning and experimentation; and

    viii.   Networking and mentorship opportunities.

---

[1] https://manhattan.edu/about/nyc-location.php

17.     Plaintiff's education has been changed from in-person, hands-on learning to online instruction.

18.     Plaintiff's online instruction is not commensurate with the same classes being taught in person.

19.     Defendant has acknowledged that online instruction is not comparable to in-person instruction.

20.     Recently, Defendant announced that as a result of COVID-19, all classes for the upcoming Summer term would be taught online, and accordingly, that tuition for the Summer term was being reduced by 30%:[2]

21.     At the same time, as set forth more fully below, Defendant has refused and continues to refuse to offer any such discount for the pro-rata portion of the Spring Semester classes that were moved online.

22.     Upon information and belief, the difference between Defendant's decision to discount online classes for the Summer and not discount online classes for the Spring is that Defendant has already collected tuition for the Spring Semester and the Spring Semester students

---

[2] https://inside.manhattan.edu/academic-resources/registrar/index.php

4

have no recourse, whereas Defendant has not yet collected tuition for the Summer term and many students will not agree to pay full price tuition for online classes during that upcoming term.

23.     In addition to tuition, Plaintiff was required to pay certain mandatory fees, including but not limited to a $685 "Comprehensive Fee."

24.     Upon information and belief, the Comprehensive Fee is charged in order to cover the costs of things such as access to the Campus Health Center, student activities and services, athletics, etc.[3]

25.     As a result of Defendant's having effectively closed campus, cancelled most activities, and demanded most students vacate the premises, Plaintiff and other members of the Fees Class no longer have the benefit of the services and facilities for which these fees were intended to cover.

## JURISDICTION AND VENUE

26.     This Court has jurisdiction over this action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), because at least one class member is of diverse citizenship from one Defendant, there are more than 100 Class members, and the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs.

27.     This Court has personal jurisdiction over Defendant because Defendant is domiciled in New York and conducts business in New York.

28.     Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District, and because Defendant is a corporate body domiciled and doing business in this District.

---

[3] https://inside.manhattan.edu/academic-resources/study-abroad/Incoming-Exchange-Program.php

## FACTUAL ALLEGATIONS

29.     Upon information and belief, Defendant's Spring term began with the first day of classes on or about January 14, 2020.[4]

30.     Upon information and belief, Defendant's Spring term was scheduled to conclude with the last day of examinations on or about May 9, 2020 and commencement ceremonies on May 15, 2020.[5]

31.     Accordingly, Defendant's Spring semester was scheduled and contracted to consist of approximately 122 days.

32.     However, as a result of the COVID-19 pandemic, Defendant announced on March 9, 2020 that it was cancelling all on-campus college-sponsored events.[6]

33.     Defendant further announced that all in-person classes would be moving to online instruction as of March 11, 2020.[7]

34.     On March 17, 2020, Defendant announced that most students were required to vacate residence halls, and almost no students were permitted to be on campus.[8]

35.     Based on the dates set forth above, upon information and belief, Defendant's move to online classes and constructive eviction of students on or about March 11, 2020, deprived Plaintiff and other members of the Classes from access to campus facilities/activities and in-person instruction for approximately 46% of the semester for which they had contracted and already paid.

---

[4] https://inside.manhattan.edu/academic-resources/registrar/academic-calendar.php
[5] Id.
[6] https://manhattan.edu/news/archive/2020/03/coronavirus-update-march-9.php
[7] Id.
[8] https://manhattan.edu/news/archive/2020/03/coronavirus-update-march-17.php

36.     Although Defendant is still offering some level of academic instruction via online classes, Plaintiffs and members of the proposed Class have been and will be deprived of the benefits of on campus learning as set forth more fully above.

37.     Moreover, the value of any degree issued to any students on the basis of online or pass/fail classes will be diminished for the rest of their lives.

38.     Notwithstanding Defendant's failure to provide approximately 46% of the in-person instruction that had been contracted for, Defendant has refused and continues to refuse to offer any tuition refunds for these students, i.e., the members of the Tuition Class, including Plaintiff.

39.     Defendant's continued refusal to do so is in stark contrast to Defendant's concession that the upcoming Summer online classes will be significantly less valuable than they would have otherwise been had they been conducted in person.

40.     In addition, Plaintiff and members of the proposed Fees Class (described below in paragraph 42) have been and will be deprived of utilizing services for which they have already paid, such as access to campus facilities, the health center, student activities and other opportunities.

41.     Defendant has refused and continues to refuse to offer any refund of the mandatory fees described herein, or any other voluntary fees that might have been charged, such as parking permits, etc.

## CLASS ACTION ALLEGATIONS

42.     Plaintiff brings this action on behalf of herself and as a class action, pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure on behalf of the following Classes:

**The Tuition Class:**

All people who paid tuition for or on behalf of students enrolled in classes at the College for the Spring 2020 semester who were denied live in-person instruction and forced to use online distance learning platforms for the latter portion of that semester.

**The Fees Class:**

All people who paid fees for or on behalf of students enrolled in classes at the College for the Spring 2020 semester.

43.      Excluded from the Classes are The Board of Trustees of Manhattan College (or other similar governing body) and any of their respective members, affiliates, parents, subsidiaries, officers, directors, employees, successors, or assigns; and the judicial officers, and their immediate family members, and Court staff assigned to this case.  Plaintiff reserves the right to modify or amend the Class definitions, as appropriate, during the course of this litigation.

44.      Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of her claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

45.      This action has been brought and may be properly maintained on behalf of the Class proposed herein under Federal Rule of Civil Procedure 23.

### Numerosity: Fed. R. Civ. P. 23(a)(1)

46.      The members of the Class are so numerous and geographically dispersed that individual joinder of all Class members is impracticable.  Plaintiff is informed and believes there are potentially thousands of members of the Class, the precise number being unknown to Plaintiff, but such number being ascertainable from Defendant's records.  Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. mail, electronic mail, internet postings, and/or published

8

notice.

## **Commonality and Predominance: Fed. R. Civ. P. 23(a)(2)**

47.     This action involves common questions of law and fact, which predominate over any questions affecting individual Class members, including, without limitation:

    i.     Whether Defendant engaged in the conduct alleged herein;

    ii.     Whether there is a difference in value between online distance learning and live in-person instruction;

    iii.     Whether Defendant breached its contracts with Plaintiff and the other members of the Tuition Class by retaining the portion of their tuition representing the difference between the value of online distance learning and live in-person instruction;

    iv.     Whether Defendant was unjustly enriched by retaining tuition payments of Plaintiff and the Tuition Class representing the difference between the value of online distance learning and live in-person instruction;

    v.     Whether Defendant breached its contracts with Plaintiff and the other members of the Fees Class by retaining fees without providing the services the fees were intended to cover;

    vi.     Whether Defendant was unjustly enriched by retaining fees of Plaintiff and the other members of the Fees Class without providing the services the fees were intended to cover;

    vii.     Whether certification of any or all of the classes proposed herein is appropriate under Fed. R. Civ. P. 23;

    viii.     Whether Class members are entitled to declaratory, equitable, or injunctive relief,

and/or other relief; and

ix.   The amount and nature of relief to be awarded to Plaintiff and the other Class

members.

### Typicality: Fed. R. Civ. P. 23(a)(3)

48.     Plaintiff's claim is typical of the other Class member's claims because, among

other things, all Class members were similarly situated and were comparably injured through

Defendant's wrongful conduct as set forth herein.

### Adequacy: Fed. R. Civ. P. 23(a)(4)

49.     Plaintiff is an adequate Class representative because her interests do not conflict

with the interests of other members of the Class she seeks to represent.  Plaintiff has retained

counsel competent and experienced in complex litigation; and Plaintiff intends to prosecute the

action vigorously.  The Class's interests will be fairly and adequately protected by Plaintiff and

her counsel.

### Superiority: Fed. R. Civ. P. 23(b)(3)

50.     A class action is superior to any other available means for the fair and efficient

adjudication of this controversy, and no unusual difficulties are likely to be encountered in the

management of this class action.  The damages or other financial detriment suffered by Plaintiff

and other Class members are relatively small compared to the burden and expense that would be

required to individually litigate their claims against Defendant, so it would be impracticable for

members of the Class to individually seek redress for Defendant's wrongful conduct.

51.     Even if Class members could afford individual litigation, the Court system likely

could not.  Individualized litigation creates a potential for inconsistent or contradictory

judgments, and increases the delay and expense to all parties and the court system.  By contrast,

the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, comprehensive supervision by a single court, and finality of the litigation.

<u>**Certification of Specific Issues: Fed. R. Civ. P. 23(c)(4)**</u>

52.     To the extent that a Class does not meet the requirements of Rules 23(b)(2) or (b)(3), Plaintiff seeks the certification of issues that will drive the litigation toward resolution.

<u>**Declaratory and Injunctive Relief: Fed. R. Civ. P. 23(b)(2)**</u>

53.     The College has acted or refused to act on grounds generally applicable to Plaintiff and the other Class members, thereby making appropriate final injunctive relief and declaratory relief, as described herein, with respect to the Class members as a whole.

**FOR A FIRST COLLECTIVE CAUSE OF ACTION**
**BREACH OF CONTRACT**
**(Plaintiff and Other Members of the Tuition Class)**

54.     Plaintiff realleges all preceding paragraphs as if fully set forth herein.

55.     Plaintiff brings this count on behalf of herself and other members of the Tuition Class.

56.     Plaintiff and the Tuition Class entered into contracts with the College which provided that Plaintiff and other members of the Tuition Class would pay tuition for or on behalf of students and, in exchange, the College would provide live in-person instruction in a physical classroom.

57.     Plaintiff and other members of the Tuition Class fulfilled their end of the bargain when they paid tuition for the Spring 2020 semester either out-of-pocket, by using student loan financing or otherwise.

58.     The College breached the contract with Plaintiff and the Tuition Class by moving

all classes for the Spring 2020 semester to online distance learning platforms, without reducing or refunding tuition accordingly.

59.     The College retained tuition monies paid by Plaintiff and other members of the Tuition Class, without providing them the full benefit of their bargain.

60.     Plaintiff and other members of the Tuition Class have suffered damage as a direct and proximate result of Defendant's breach, including but not limited to being deprived of the value of the services the tuition was intended to cover, namely live in-person instruction in a physical classroom.

61.     As a direct and proximate result of Defendant's breach, Plaintiff and the Tuition Class are legally and equitably entitled to damages, to be decided by the trier of fact in this action, to include but not be limited to disgorgement of the difference between the value of the online learning which is being provided versus the value of the live in-person instruction in a physical classroom that was contracted for.

### FOR A SECOND COLLECTIVE CAUSE OF ACTION
### UNJUST ENRICHMENT
### (Plaintiff and Other Members of the Tuition Class)

62.     Plaintiff realleges all preceding paragraphs as if fully set forth herein.

63.     Plaintiff brings this count on behalf of herself and other members of the Tuition Class.

64.     The College has received a benefit at the expense of Plaintiff and other members of the Tuition Class to which it is not entitled.

65.     Plaintiff and other members of the Tuition Class paid substantial tuition for live in-person instruction in physical classrooms and did not receive the full benefit of the bargain.

66.     Plaintiff and other members of the Tuition Class conferred this benefit on

Defendant when they paid the tuition.

67.     Defendant has realized this benefit by accepting such payment.

68.     Defendant has retained this benefit, even though Defendant has failed to provide
the services for which the tuition was collected, making Defendant's retention unjust under the
circumstances.

69.     Equity and good conscience require that the College return a portion of the
monies paid in tuition to Plaintiff and other members of the Tuition Class.

70.     Defendant should be required to disgorge this unjust enrichment.

**FOR A THIRD COLLECTIVE CAUSE OF ACTION**
**BREACH OF CONTRACT**
**(Plaintiff and Other Members of the Fees Class)**

71.     Plaintiff realleges all preceding paragraphs as if fully set forth herein.

72.     Plaintiff brings this count on behalf of herself and other members of the Fees
Class.

73.     Plaintiff and the Fees Class entered into contracts with the College which
provided that Plaintiff and other members of the Fees Class would pay certain fees for or on
behalf of students and, in exchange, the College would provide services related to those fees,
such as access to student activities, athletics, wellness centers, libraries, etc.

74.     Plaintiff and other members of the Fees Class fulfilled their end of the bargain
when they paid these fees for the Spring 2020 semester either out-of-pocket, by using student
financing or otherwise.

75.     The College breached the contract with Plaintiff and the Fees Class by moving all
classes for the Spring 2020 semester to online distance learning platforms, constructively
evicting students from campus, and closing most campus buildings and facilities, without

reducing or refunding fees accordingly.

76.     The College retained fees paid by Plaintiff and other members of the Fees Class, without providing them the full benefit of their bargain.

77.     Plaintiff and other members of the Fees Class have suffered damage as a direct and proximate result of Defendant's breach, including but not limited to being deprived of the value of the benefits and services the fees were intended to cover.

78.     As a direct and proximate result of Defendant's breach, Plaintiff and the Fees Class are legally and equitably entitled to damages, to be decided by the trier of fact in this action, to include but not be limited to disgorgement of the pro-rata amount of fees that was collected but for which services were not provided.

### FOR A FOURTH COLLECTIVE CAUSE OF ACTION
### UNJUST ENRICHMENT
### (Plaintiff and Other Members of the Fees Class)

79.     Plaintiff realleges all preceding paragraphs as if fully set forth herein.

80.     Plaintiff brings this count on behalf of herself and other members of the Fees Class.

81.     The College has received a benefit at the expense of Plaintiff and other members of the Fees Class to which it is not entitled.

82.     Plaintiff and other members of the Fees Class paid substantial student fees for on campus benefits and services and did not receive the full benefit of the bargain.

83.     Plaintiff and other members of the Fees Class conferred this benefit on Defendant when they paid the fees.

84.     Defendant has realized this benefit by accepting such payment.

85.     Defendant has retained this benefit, even though Defendant has failed to provide

the services for which the fees were collected, making Defendant's retention unjust under the circumstances.

86.     Equity and good conscience require that the College return a pro-rata portion of the monies paid in fees to Plaintiff and other members of the Fees Class.

87.     Defendant should be required to disgorge this unjust enrichment.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of members of the Class(es), pray for judgment in their favor and against Defendant as follows:

a.     Certifying the Classes as proposed herein, designating Plaintiff as Class representative, and appointing undersigned counsel as Class Counsel;

b.     Declaring that Defendant is financially responsible for notifying the Class members of the pendency of this action;

c.     Declaring that Defendant has wrongfully kept monies paid for tuition, fees, on-campus housing, and meals;

d.     Requiring that Defendant disgorge amounts wrongfully obtained for tuition, fees, on-campus housing, and meals;

e.     Awarding injunctive relief as permitted by law or equity, including enjoining Defendant from retaining the pro-rated, unused monies paid for tuition, fees, on-campus housing, and meals;

f.     Scheduling a trial by jury in this action;

g.     Awarding Plaintiff's reasonable attorney's fees, costs and expenses, as permitted by law;

h.      Awarding pre and post-judgment interest on any amounts awarded, as permitted

by law; and

    i.      Awarding such other and further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

Dated: April 23, 2020

**TOPTANI LAW PLLC**
By: /s/ Edward Toptani
Edward Toptani (ET6703)
375 Pearl Street, Suite 1410
New York, New York 10038
Tel: (212) 699-8930
Email: edward@toptanilaw.com

-and-

**ANASTOPOULO LAW FIRM, LLC**
Eric M. Poulin (*Pro Hac Vice* Admission Pending)
Roy T. Willey IV (*Pro Hac Vice* Admission Pending)
32 Ann Street
Charleston, SC 29403
Tel: (843) 614-8888
Email: eric@akimlawfirm.com
       roy@akimlawfirm.com

*ATTORNEYS FOR PLAINTIFF(S)*