ORIGINAL

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/29/23
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CZIGANY BECK, individually and on
Behalf of others similarly situated,

                Plaintiff,

    - against -

MANHATTAN COLLEGE,

                Defendant.

20 Civ. 3229 (LLS)
OPINION & ORDER

    In response to the COVID-19 pandemic, Manhattan College, defendant, like schools and universities across the country, closed its campus in March 2020 and thereafter offered online instruction in lieu of traditional in-person classes and services. Czigany Beck ("Beck"), plaintiff, was a student at Manhattan College at the time. She was transitioned from in-person to remote instruction and was able to complete all her Spring 2020 courses online to earn credits toward her decree.

    On April 23, 2020, Beck brought this suit alleging that Manhattan College was unjustly enriched by the transition and seeking partial disgorgement for the tuition she paid for that in-person education and the online education that was actually provided by the college. Dkt. No. 68 ("Plaintiff's Memo in Opposition to Summary Judgment") at 8. Manhattan College moved for summary judgment dismissing the claim. Dkt. No. 62.

1

For the reasons herein, Manhattan College's Motion for Summary Judgment to dismiss the unjust enrichment claim is granted.

### I. Background

Czigany Beck paid tuition and enrolled as a full-time student at Manhattan College for the Spring 2020 academic semester, which ran from mid-January to mid-May 2020. Dkt. No. 1 ¶¶ 9-10; Dkt. No. 72 ("Defendant's Reply to Plaintiff's Rule 56.1 Counterstatement") ¶¶ 57, 58. For that semester, Manhattan College offered an in-person, hands-on curriculum that included in-person classes, access to campus facilities, such as the option to live on campus, and in-person extra-curricular activities. Dkt. No. 1 ¶¶ 13, 16.

In March 2020, COVID-19 was spreading rapidly through New York. In response, Manhattan College announced on March 11, 2020 that all in-person classes would be moving to online instruction and, shortly thereafter, on March 17, 2020 closed its campus and required most students to vacate the residence halls. Id. ¶¶ 33-34. By March 20, 2020, the United States had declared a National Emergency in response to COVID-19, and New York state had mandated all non-essential businesses to close. Dkt. No. 66 ("Plaintiff's Counterstatement to Defendant's 56.1 Statement") ¶¶ 1-2.

2

Accordingly, Beck, who was not a resident in student housing at that time or an essential employee, was denied access to campus facilities and required to continue her courses online. Id. ¶¶ 7-8; Dkt. No. 72 ¶¶ 54-56. During this shift to online instruction, Beck was still able to earn credits toward her degree. Dkt. No. 66 ¶ 8. Manhattan College did not issue any tuition refunds for the Spring 2020 semester, even if the student chose to withdraw. Dkt. No. 72 ¶¶ 67, 69. Nonetheless, Beck agrees that Manhattan College's closure of the campus was the appropriate response to the growing pandemic. Dkt. No. 66 ¶ 4.

On April 23, 2020 Beck brought this putative class action asserting contract and quasi-contractual claims on the grounds that Manhattan College breached its contractual obligation to provide students with in-person instruction and on-campus campus in exchange for tuition and Fees. Dkt. No. 1.

Manhattan College moved to dismiss the claims, which the Court granted in part, except for the claim that the College was unjustly enriched by not providing a tuition refund. Dkt. No. 37.

Following the close of discovery, Manhattan College now moves for summary judgment to dismiss the remaining unjust enrichment claim. Dkt. No. 62.

**II.  Legal Standard**

3

The Court must grant a motion for summary judgment "if there is no genuine issue of material fact and the prevailing party was entitled to judgment as a matter of law," Harris v. Miller, 818 F.3d 49, 57 (2d Cir. 2016), but summary judgment "must be rejected if the evidence is such that a reasonable jury could return a verdict for the nonmoving party," Abdu-Brisson v. Delta Air Lines, Inc., 239 F.3d 456, 465 (2d Cir. 2001).

### III. Analysis

In the First Amended Complaint, Beck asserts that Manhattan College was unjustly enriched by retaining the tuition paid by Beck for services (in-person instruction) that it never provided. Dkt. No. 21 ¶¶ 65-68.

Manhattan College makes two arguments for dismissal. First, it argues that there was nothing unjust in retaining the tuition payments. Dkt. No. 65 ("Defendants' Memo in Support of Summary Judgement") at 14. Second, it argues that dismissal is warranted because, rather than retaining a benefit, it suffered financial losses in response to the COVID-19 pandemic. Id. at 12.

Under New York law, to establish a claim for unjust enrichment, a plaintiff must show that the "(1) defendant was enriched, (2) at plaintiff's expense, and (3) equity and good conscience militate against permitting defendant to retain what plaintiff is seeking to recover." Briarpatch Ltd., L.P v. Phoenix Pictures, Inc., 373 F.3d 296, 306 (2d Cir. 2004) (citing

4

Clark v. Daby, 751 N.Y.S.2d 622, 623 (2002)). The doctrine of unjust enrichment

> is available only in unusual situations when, though the defendant has not breached a contract nor committed a recognized tort, circumstances create an equitable obligation running from defendant to the plaintiff. Typical cases are those in which the defendant, though guilty of no wrongdoing, has received money to which he or she is not entitled.

Corsello v. Verizon New York, Inc., 967 N.E.2d 1177, 1185 (2012). When assessing considerations of equity and justice, courts generally consider, among other things, "if the benefit still remains with the defendant, if there has been otherwise a change of position by the defendant, and whether the defendant's conduct was tortious or fraudulent." Clark, 751 N.Y.S.2d at 624; see also Espejo v. Cornell Univ., 523 F. Supp. 3d 228, 242 (N.D.N.Y. 2021).

**1) Equity and Good Consciousness**

Beck argues that it was unjust for Manhattan College to retain the tuition payments when it was in a better position than its students to "foot the bill" for the additional expenses incurred because of the COVID-19 pandemic. Dkt. No. 68 at 9. To show the unjustness of the scenario, Beck points to the fact that her reasonable expectations were foiled—she paid for in-person services and, for the latter half of the semester, only received the benefit of online services. Manhattan College argues that Beck has failed to show that its conduct was

tortious or fraudulent and thus its retention of the tuition payments was not unjust. Dkt. No. 65 at 15.

The Court agrees that Manhattan College's retention of the payments was not unjust. Multiple courts in this circuit have likewise concluded that "[i]t is quite implausible to view [the College]'s suspension of in-person instruction as inequitable." Bergeron v. Rochester Inst. of Tech., No. 20 CV 6283, 2023 WL 1767157, at *11 (W.D.N.Y. Feb. 3, 2023) (discussing the suspension of in-person services at Rochester Institute of Technology); see also Hewitt v. Pratt Inst., No. 20 CV 2007, 2021 WL 2779286, at *4 (E.D.N.Y. July 2, 2021) (same at the Pratt Institute). On the contrary, "there were compelling—indeed, compulsory—reasons for [the College's] abrupt move to online learning." Goldberg v. Pace Univ., 535 F. Supp. 3d 180, 199 (S.D.N.Y. 2021). It is undisputed that it was in response to the nationally declared pandemic and subsequent state-mandated shutdown of non-essential businesses that Manhattan College closed its campus and shifted to online instruction. Dkt No. 66 ¶ ¶ 2-3. Moreover, it is undisputed that during that shift, Beck and other students received continuity in their education and were able to timely complete their coursework with their same professors (albeit remotely) to continuously earn credits toward their degrees. Id. ¶ 8. Manhattan College also continued to virtually provide them extra-curricular activities, like student

6

government and other clubs, and access to student services, like career counseling, academic support, and health services. Dkt. No. 72 ¶ 8.

Nothing about Manhattan College's conduct was tortious or fraudulent. Indeed, Beck's concession that closing the campus was the correct decision in light of the COVID-19 pandemic, Dkt. No. 66 ¶ 4, acknowledges that Manhattan College acted properly.

Nor has any financial benefit remained with Manhattan College. There is no dispute that Manhattan College lost over $2 million in the Fiscal Year 2019/2020 (excluding assets in its endowment, which are derived from past financial contributions from donors). Id. ¶ 20. The change in Manhattan College's position was the result of a global pandemic and it came at a major cost to all, including the College.

Considering Manhattan College's continued provision of education and services and Beck's receipt of credits towards her degree, there is nothing unjust about the College retaining Beck's tuition payment even though it provided only online instruction. See Goldberg v. Pace Univ., 535 F. Supp. 3d 180, 199 (S.D.N.Y. 2021) (holding that "this is not close to a case in which 'equity and good conscience' require restitution" when "Pace continued to furnish Goldberg with an education" and "Goldberg was able to earn credits and graduate on time").

7

There is no genuine issue of material fact and Manhattan College is entitled to judgment as a matter of law on Beck's claim for unjust enrichment.

### 2) Defendant Enriched at Plaintiff's Expense

As Beck has failed to put forward evidence showing that Manhattan College's retention of the tuition is against equity and good conscience, there is no need for the Court to address whether Manhattan College was enriched at Beck's expense.

### IV. Conclusion

For the foregoing reasons, Manhattan College's Motion for Summary Judgment dismissing Beck's unjust enrichment claim for tuition reimbursement is granted.

There being no remaining claims, the Clerk of the Court is directed to close the case.

So Ordered.

Dated: New York, New York
       June 29, 2023

*Louis L. Stanton*
LOUIS L. STANTON
U.S.D.J.