UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------

CZIGANY BECK, individually and on behalf
of all others similarly situated,

                  Plaintiff,

                  v.

MANHATTAN COLLEGE,

                  Defendant.           Case No: 1:20-cv-03229-LLS

-------------------------------------------------------------------------

**MEMORANDUM OF LAW IN SUPPORT OF UNOPPOSED MOTION
FOR PRELIMINARY APPROVAL OF THE PROPOSED SETTLEMENT
AND PROVISIONAL CERTIFICATION OF THE PROPOSED
SETTLEMENT CLASS**

# TABLE OF CONTENTS

I. INTRODUCTION ....................................................................................................1

II. PROCEDURAL HISTORY .....................................................................................2

III. KEY TERMS OF THE SETTLEMENT ................................................................3

IV. LEGAL STANDARD ............................................................................................ 6

V. ARGUMENT .......................................................................................................... 7

   A.   Adequacy of Representation ............................................................ 7

   B.   Arm's Length Negotiations ............................................................. 7

   C.   Adequacy of Relief ........................................................................ 8

      1.   Costs, Risks, and Delay of Trial and Appeal ............................ 8

      2.   The Stage of the Proceedings and the Amount of Discovery Completed ................ 9

      3.   The Risks of Establishing Liability and Damages ................... 9

      4.   The Risks of Maintaining a Class Through Trial .................... 10

      5.   Defendant's Ability to Withstand Greater Judgment ............... 10

      6.   The Reasonableness of Settlement in Light of Possible Recovery ......................... 11

   D.   The Remainder of Rule 23(e)(2) Factors Support Preliminary Approval ................... 11

      1.   The Allocation Plan is Fair and Adequate ............................. 11

      2.   Notice ..................................................................................... 12

      3.   Attorneys' Fees ...................................................................... 12

      4.   Agreements Under Rule 23(e)(3) ........................................... 12

      5.   Equitable Treatment of Class Members .................................. 12

   E.   Provisional Certification Of The Proposed Settlement Class Is

Appropriate.................................................................................................... 13

F.   The Proposed Settlement Class Meets the Requirements of Rule 23(a) ...................... 14

1.   Numerosity Is Satisfied ............................................................................. 14

2.   Questions of Law and Fact Are Common to Proposed Settlement Class Members ... 14

3.   Settlement Class Representative's Claims Are Typical of Those of the Settlement Class.......................................................................................................... 15

4.   Adequacy of Representation ........................................................................ 15

G.   The Settlement Class Meets the Requirements of Rule 23(b)(3) .................................. 16

1.   Common Issues Predominate ..................................................................... 16

2.   Superiority ............................................................................................ 16

H.   The Court Should Preliminarily Appoint The Named Plaintiff Schedule........................................................................................................ 16

VI.   CONCLUSION ..............................................................................................17

## TABLE OF AUTHORITIES

**Cases**

*City of Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir. 1974) ........................................ 1, 7

*In re Global Crossing Sec. ERISA Litig.*, 225 F.R.D. 436 (S.D.N.Y. 2004) ........................ 7

*In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 2010 WL 4537550 (S.D.N.Y. Nov. 8, 2010)

....................................................................................................................... 7

*D'Amato v. Deutsche Bank*, 236 F.3d 78 (2d Cir. 2001) ................................................... 8

*Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96 (2d Cir. 2005) ............................ 8

*Morris v. Affinity Health Plan, Inc.*, 859 F. Supp. 2d 611 (S.D.N.Y. 2012) .................... 8

*In re PaineWebber Ltd. Partnerships Litig.*, 171 F.R.D. 104 (S.D.N.Y. 1997) ................ 8

*Padro v. Astrue*, 2013 WL 5719076 (E.D.N.Y. Oct. 18, 2013) ........................................ 8

*In re Austrian & German Bank Holocaust Litig.*, 80 F. Supp. 2d 164 (S.D.N.Y. 2000), aff'd, 236

F.3d 78 (2d Cir. 2001) ........................................................................... 8

*Cardiology Assocs., P.C. v. Nat'l Intergroup, Inc.*, 1987 WL 7030 (S.D.N.Y. Feb. 13, 1987)

....................................................................................................................... 8

*In re AOL Time Warner, Inc.*, 2006 WL 903236 (S.D.N.Y. Apr. 6, 2006) ...................... 9

*Castagna v. Madison Square Garden, L.P.*, 2011 WL 2208614 (S.D.N.Y. June 11, 2021)

....................................................................................................................... 9

*Maley v. Del Global Tech Corp.*, 186 F. Supp. 2d 358 (S.D.N.Y. 2002) ......................... 9

*Velez v. Majik Cleaning Serv., Inc.*, 2007 WL 7232783 (S.D.N.Y. June 25, 2007) .......... 9

*Khait v. Whirlpool Corp.*, 2010 WL 2025106 (E.D.N.Y. Jan. 20, 2010) ......................... 10

*Clark v. Econolab, Inc.*, 2010 WL 1948198 (S.D.N.Y. May 10, 2010) ............................ 10

*Flores v. Anjost Corp.*, 2014 WL 321831 (S.D.N.Y. Jan. 29, 2014) ................................ 10

*In re Vitamin C Antitrust Litig.*, 2021 WL 5289514 (E.D.N.Y. Oct. 23, 2021) .............. 10

*In re "Agent Orange" Prod. Liab. Litig.*, 597 F. Supp. 740 (E.D.N.Y. 1984), aff'd, 818 F.2d 145 (2d Cir. 1987) ......................................................................................... 11

*Fleisher v. Phoenix Life Ins. Co.*, 2015 WL 10847814 (S.D.N.Y. Sept. 9, 2015) ............ 11

*Newman v. Stein*, 464 F.2d 689 (2d Cir. 1972) .............................................................. 11

*In re Namenda Direct Purchaser Antitrust Litig.*, 462 F. Supp. 3d 307 (S.D.N.Y. 2020) ................................................................................................................... 11

*In re Telik, Inc. Secs. Litig.*, 576 F. Supp. 2d 570 (S.D.N.Y. 2008) ........................ 12

*Park v. Thomson Corp.*, 2008 WL 4684232 (S.D.N.Y. Oct. 22, 2008) ........................... 12

*Careathers v. Red Bull*, No. 13 Civ. 00369 (S.D.N.Y. 2015) ........................................... 12

*In re Merrill Lynch Research Reports Sec. Litig.*, 2007 WL 313474 (S.D.N.Y. Feb. 1, 2007) ................................................................................................................... 12

*Wright v. S. New Hampshire Univ.*, 2021 WL 1617145 (D.N.H. Apr. 26, 2021) ............ 12

*In re Lloyd's Am. Trust Fund Litig.*, 2002 WL 31663577 (S.D.N.Y. Nov. 26, 2002) ....... 12

*In re Am. Int'l Grp. Inc. Sec. Litig.*, 689 F.3d 229 (2d Cir. 2012) .................................. 13

*Hadel v. Gaucho, LLC*, 2016 WL 1060324 (S.D.N.Y. Mar. 14, 2016) ............................ 13

*Amchem Prods. Inc. v. Windsor*, 521 U.S. 591 (1997) ..................................................... 13

*Gortat v. Capala Bros.*, 257 F.R.D. 353 (E.D.N.Y. 2009) ................................................ 13

*Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473 (2d Cir. 1995) ........................... 14

*Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011) ...................................................... 14

*Zivkovic v. Laura Christy LLC*, 329 F.R.D. 61 (S.D.N.Y. 2018) ..................................... 14

*Fort Worth Emps.' Ret. Fund v. J.P. Morgan Chase & Co.*, 301 F.R.D. 116 (S.D.N.Y. 2014) ................................................................................................................... 14

*Marisol A. v. Giuliani*, 126 F.3d 373 (2d Cir. 1997) ......................................................... 15

*In re Nissan Radiator/Transmission Cooler Litig.*, 2013 WL 4080946 (S.D.N.Y. May 30, 2013)
...................................................................................................................... 15

*In re Playmobil Antitrust Litig.*, 35 F. Supp. 2d 231 (E.D.N.Y. 1998) ............................. 15

*In re Sumitomo Copper Litig.*, 182 F.R.D. 85 (S.D.N.Y. 1998) ...................................... 15

*Moore v. PaineWebber, Inc.*, 306 F.3d 1247 (2d Cir. 2002) ............................................ 16

*In re Vitamins Antitrust Litig.*, 209 F.R.D. 251 (D.D.C. 2002) ...................................... 16

*Chhab v. Darden Rests. Inc.*, 2016 WL 3004511 (S.D.N.Y. May 20, 2016) .................... 16

*Sykes v. Mel Harris & Assocs. LLC*, 285 F.R.D. 279 (S.D.N.Y. 2012) .......................... 16

*Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52 (2d Cir. 2000) .............. 17

**Statutes and Rules**

Fed. R. Civ. P. 23 ....................................................................................................6, 15

N.Y. Gen. Bus. Law §§ 349, 350 ......................................................................... 1

## I.    INTRODUCTION

Subject to the Court's approval, this breach of contract action arising out of the transition to remote education with respect to the COVID-19 pandemic by Defendant, Manhattan College, is settled for the amount of $742,940.00. In this putative class action, named Plaintiff Czigany Beck alleges that she and other similarly situated students enrolled in an on-campus course of study at Manhattan College paid tuition and various fees in exchange for Manhattan College's promise to provide the unique benefits of an in-person, on-campus educational experience. Plaintiff further alleges that when Defendant transitioned Spring 2020 classes to remote learning due to the COVID-19 pandemic, this alleged contract was breached. Plaintiff also alleges that Manhattan College's shift to remote education gave rise to the claims of unjust enrichment, conversion, and amounted to a violation of New York General Business Law §§ 349 and 350.

The $742,940.00 settlement amount represents one hundred percent (100%) of the liability for any alleged damages sustained by the proposed Settlement Class as well as administrative expenses, attorneys' fees, and awards to the proposed Settlement Class Representative. The proposed Settlement would resolve the claims of the proposed Settlement Class Representative as well as the claims of all similarly situated proposed Settlement Class Members against Defendant.

This settlement is fair, reasonable, and adequate and satisfies the requirements of Rule 23(a) and (b)(3) and the factors outlined in *City of Detroit v. Grinnell Corp.*, 495 F.2d 488 (2d Cir. 1974), the Court should preliminarily approve the proposed Settlement between the Settlement Class Representative, on behalf of themselves and the putative class members, and Defendant. Defendant supports the Named Plaintiff's request for preliminary approval of the proposed Settlement because it is fair, reasonable, and adequate. Defendant denies Plaintiff's claims in this Action. Nevertheless, Defendant has agreed to resolve this case because the proposed Settlement

will benefit current and former students and avoid continued litigation.

## II.    PROCEDURAL HISTORY

On April 23, 2020, Plaintiff Czigany Beck commenced a putative class action in the District Court for the Southern District of New York (the "Action"), alleging breach of contract and unjust enrichment claims as a result of Defendant's transition of in-person instruction and other educational services to a virtual environment during a portion of the Spring 2020 semester due to the COVID-19 pandemic and related state and local public health mandates and orders. On August 24, 2020, Plaintiff filed an amended complaint in the Action (the "Amended Complaint"). The amended complaint added violations of New York General Business Law and conversion claims.

On November 10, 2020, Defendant moved to dismiss the Amended Complaint. Plaintiff opposed the motion and it was fully briefed on December 1, 2020. On May 7, 2021, the Court granted in part and denied in part Defendant's motion to dismiss. The Court's Order granted Defendant's motion to dismiss on all causes of action except Plaintiff's unjust enrichment claim.

On December 21, 2022, Defendant filed a motion for summary judgment to dismiss the last remaining claim of unjust enrichment. Plaintiff opposed the motion and it was fully briefed on March 1, 2023. On June 29, 2023, the Court granted Defendant's motion for summary judgment dismissing Plaintiff's unjust enrichment claim for tuition reimbursement.

On July 18, 2023, Plaintiff appealed the Court's decisions on both Defendant's motion to dismiss and motion for summary judgment to the United States Court of Appeals for the Second Circuit.

On April 29, 2025, the United States Court of Appeals for the Second Circuit certified the following question to the New York Court of Appeals: whether New York law requires a specific promise to provide exclusively in-person learning as a prerequisite to the formation of an implied

contract between a university and its students with respect to tuition payments. On May 20, 2025, the State of New York, Court of Appeals accepted the certified question presented and set a briefing schedule.  On July 16, 2025, the parties filed a joint stipulation requesting permission to withdraw the appeal pursuant to Federal Rule of Appellate Procedure 42 and Local Rule 42.1 so that the district court may consider a proposed class settlement. The stipulation further requested that Appellant be permitted to reinstate the appeal within thirty days of the entry of an order by the district court refusing to approve the class settlement. On July 30, 2025, the Second Circuit ordered that the appeal is withdrawn without prejudice, and the case is remanded to the district court with instructions to consider the proposed class settlement. In light of the pending settlement, the question certified to the New York Court of Appeals was withdrawn without prejudice to recertification of the question upon any future reinstatement of the appeal.

Subsequently, Plaintiff and Defendant participated in a private settlement discussion and the Parties agreed to resolve the Action upon terms further memorialized and expanded upon in the Settlement Agreement.[1] The Settlement was reached as a result of extensive arms-length negotiations between the Parties and counsel. Before and during these settlement discussions, the Parties had arms-length exchange of sufficient information to permit Plaintiff and Class Counsel to evaluate the claims and potential defenses and to meaningfully conduct informed settlement discussions.

### III.    KEY TERMS OF THE SETTLEMENT

**A. Conferred Benefit of the Settlement. The total value of the settlement including all Cash and Non-Cash Benefits.**

1. Defendant agrees to pay Seven Hundred Forty-Two Thousand, Nine Hundred Forty Dollars ($742,940.00) to fully satisfy any and all current cash benefits to be paid to all

---

[1] Exhibit A

Class Members, any Court-approved Costs and Fees, including but not limited to Attorneys' Fees and Costs, the Service Award for Named Plaintiff, and all costs and fees associated with the Settlement Claims Administrator.

2.  Funding the QSF. Defendant shall make payments up to the total of the New Cash Settlement Fund as follows: (i) on or before 14 days after the Preliminary Approval Order, Defendant shall pay $50,000 for the primary purpose of funding the Settlement Claims Administrator and paying the costs associated with effectuating notice; (ii) an amount equal to the Attorneys' Fees and Costs and Service Award, to be paid as described below; and (iii) on or before 10 days after the Final Effective Date, Defendant shall fund the remainder of the New Cash Settlement Fund into the QSF.

3.  Uncashed and Unclaimed Funds. Class Members shall have 120 days from the date on the checks within which to cash their individual awards. Settlement checks will be void after 120 days, unless a request has been made by the Class Member that the check be reissued before the expiration of the initial 120 days. Thereafter, any amount remaining in the QSF shall be returned to Defendant. Defendant is considering that the amount may be deposited into a general scholarship fund and/or to an emergency relief fund for Manhattan University students facing financial difficulties for the direct benefit of Manhattan University students.

4.  To the extent that the parties cannot agree, the assigned United States District Judge shall have binding authority to resolve disputes regarding funding amounts, the reversion process, and/or the reallocation of uncashed or unclaimed funds.

**B. Payments to Class Members and Others. Funds shall be disbursed by the Settlement Claims Administrator as follows:**

1. Within thirty (30) days after the Final Effective Date, the Settlement Claims Administrator shall mail all Settlement Checks to Class Members or distribute funds to Class Members in accordance with method selected on Election Form.

2. The Attorneys' Fees and Costs and Service Award granted by the Court shall be paid to Class Counsel out of the QSF within ten (10) days after the Court issues the Final Approval Order that includes an award of Attorneys' Fees and Costs to Class Counsel and/or Service Award to Named Plaintiff.

**C.  Amounts Payable as Attorneys' Fees, Costs, and Expenses.**

1. In connection with the Motion for Preliminary Approval, Class Counsel will petition the Court for an award of no more than Two hundred forty-seven thousand, three hundred ninety-nine dollars ($247,399.00), for attorneys' fees and will additionally petition the Court for reimbursement of reasonable litigation costs, and expenses not expected to exceed Seventy-five thousand dollars ($75,000.00), other than costs associated with the Settlement Claims Administrator incurred in connection with the Action.

2. Attorneys' Fees and Costs shall be paid from the Qualified Settlement Fund.

**D.  Service Award for Named Plaintiff.**

1. In return for services rendered to the Settlement Class, Named Plaintiff may apply to the Court to receive a Service Award of no more than Ten thousand dollars ($10,000.00).

2. The application for a Service Award is to be considered separately from the Court's consideration of the fairness, reasonableness, adequacy, and good faith of the settlement of the Action. The outcome of the Court's ruling on the application for the Service Award will not terminate the Agreement or otherwise affect the Court's ruling on the Motion for Preliminary Approval.

3. Service Award for Named Plaintiff shall be paid from the Qualified Settlement Fund.

**E. Settlement Fund and Allocation to Class Members.**

1. Allocation. The Settlement Claims Administrator shall prepare calculations to be approved by the Parties, and the Net Settlement Fund shall be distributed proportionately to all Class Members based on the following terms and criteria, after allocations for Attorneys' Fees and Costs, Service Award, and the costs of the Settlement Claims Administrator:

   a. Class Members who enrolled for classes at the beginning of the Spring 2020 Semester, who paid no tuition or fees, or who left Manhattan College prior to March 1, 2020, are not eligible to collect any proceeds.

2. To the extent that the Parties have any disputes about calculations, including *de minimis* payments, the assigned United States District Judge shall have authority to make a determination.

**F. Release of Claims**

Upon the Final Effective Date, the Releasing Parties, and each of them, shall be deemed to have, and by operation of the Final Approval Order shall have, fully, formally, and forever released, relinquished, and discharged all Released Claims.

**G. Non-Admission of Liability.**

Defendant in no way admits any violation of law or any liability. Rather, Defendant enters into the Settlement Agreement to avoid further protracted litigation and to fully and finally resolve and settle all disputes with the Named Plaintiff and Class Members.

**IV.    LEGAL STANDARD**

Under Federal Rule 23(e)(2), a court may approve a class action settlement that will bind

class members after a hearing and a finding that the settlement is fair, reasonable, and adequate. The court must consider whether: (A) the class representatives and class counsel have adequately represented the class; (B) the proposal was negotiated at arm's length; (C) the relief provided is adequate considering the costs, risks, and delay of trial and appeal; the effectiveness of distribution; attorneys' fees; and any agreements under Rule 23(e)(3); and (D) the proposal treats class members equitably relative to each other.

These factors supplement the *Grinnell* considerations, which include: the complexity, expense, and likely duration of litigation; the reaction of the class; the stage of proceedings; the risks of establishing liability, damages, and maintaining class status; the defendant's ability to withstand a greater judgment; and the range of reasonableness of the settlement fund in light of the best possible recovery and the attendant risks of litigation. *City of Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir. 1974).

## V.    ARGUMENT

### A. Adequacy of Representation

As a result of targeted fact-gathering conducted on the issues at the heart of the Complaint's allegations, the Settlement Class Representative and Class Counsel were in a position to intelligently weigh the strengths and weaknesses of their case. *See In re Global Crossing Sec. ERISA Litig.*, 225 F.R.D. 436, 458 (S.D.N.Y. 2004). Plaintiff Czigany Beck and Class Counsel have zealously litigated this Action since April 2020, including amending the complaint to add statutory and tort claims, defeating dismissal of an unjust enrichment claim, opposing summary judgment, and pursuing an appeal. Moreover, Lead Counsel believes that the Settlement is in the best interests of the Settlement Class. Courts recognize that counsel's judgment is entitled to significant weight. *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, Master File No. 02-CV-3400

(CM) (PED), 2010 WL 4537550, at *13 (S.D.N.Y. Nov. 8, 2010) ("Moreover, great weight is accorded to the recommendations of counsel, who are most closely acquainted with the facts of the underlying litigation.").

### B. Arm' Length Negotiations

When considering the adequacy of a settlement, courts consider whether the settlement is the product of arm's length negotiations between experienced counsel and is untainted by collusion.   *See D'Amato v. Deutsche Bank*, 236 F.3d 78, 85 (2d Cir. 2001); *see also Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 116 (2d Cir. 2005) (quoting Manual for Complex Litigation (Fourth) § 30.42 (1995)) ("A presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arm's length negotiations between experienced, capable counsel after meaningful discovery"). "To determine procedural fairness, courts examine the negotiating process leading to the settlement." *Morris v. Affinity Health Plan, Inc.*, 859 F. Supp. 2d 611, 618 (S.D.N.Y. 2012).  "Great weight is accorded to the recommendations of counsel, who are most closely acquainted with the facts of the underlying litigation."  *In re PaineWebber Ltd. Partnerships Litig.*, 171 F.R.D. 104, 125 (S.D.N.Y. Mar. 20, 1997).

Here, the Settlement was reached only after private, arms-length negotiations between experienced counsel, preceded by the exchange of sufficient information to assess claims and defenses. Such a process supports procedural fairness.

### C. Adequacy of Relief

#### 1.  Costs, Risks, and Delay of Trial and Appeal

Class actions are inherently complex and expensive. *Padro v. Astrue*, 2013 WL 5719076, at *5 (E.D.N.Y. Oct. 18, 2013) (citing *In re Austrian & German Bank Holocaust Litig.*, 80 F. Supp. 2d 164, 174 (S.D.N.Y. 2000), *aff'd* 236 F.3d 78 (2d Cir. 2001)).

Here, continued litigation would involve briefing in the Court of Appeals on the certified question and potential remand, which would delay trial and recovery for years. Even a favorable verdict would require establishing liability, damages, and maintaining class certification, all of which Defendant would vigorously contest. See *Cardiology Assocs., P.C. v. Nat'l Intergroup, Inc.*, 1987 WL 7030, at *3 (S.D.N.Y. Feb. 13, 1987).

### 2. The Stage of the Proceedings and the Amount of Discovery Completed

This factor goes to "whether the plaintiffs have obtained a sufficient understanding of the case to gauge the strengths and weaknesses of their claims and the adequacy of the settlement." *In re AOL Time Warner, Inc.,* MDL Docket No. 1500, 02 Civ. 5575 (SWK), 2006 WL 903236, at *10 (S.D.N.Y. Apr. 6, 2006). Here, Class Counsel are sufficiently well informed of the strengths and weaknesses of the claims, having drafted separate pleadings and survived in part a motion to dismiss. Class Counsel assessed the strengths and weaknesses of Defendant's arguments and defenses. Moreover, the information exchanged during settlement negotiations permitted Class Counsel to learn the relevant facts and circumstances in an efficient and cost-effective manner.

### 3. The Risks of Establishing Liability and Damages

"In assessing the settlement, the Court should balance the benefits afforded to members of the Class and the immediacy and certainty of a substantial recovery for them against the continued risks of litigation." *Castagna v. Madison Square Garden, L.P.*, Case No. 09-cv-10211 (LTS)(HP), 2011 WL 2208614, at *6 (S.D.N.Y. June 11, 2021) (citing *Maley v. Del Global Tech Corp.*, 186 F. Supp. 2d 358, 364 (S.D.N.Y. 2002)). Indeed, courts have recognized that "[l]itigation inherently involves risks." *Id.* Evaluated against these risks, the settlement amount is an excellent result for the Settlement Class: it "benefits each plaintiff in that he or she will recover a monetary award immediately, without having to risk that an outcome

unfavorable to the plaintiffs will emerge from a trial." *Velez v. Majik Cleaning Sev., Inc.*, 03 Civ. 8698 (SAS)(KNF), 2007 WL 7232783, at *6 (S.D.N.Y. June 25, 2007). In this Action, the Settlement Class Members will receive a meaningful and tangible present recovery from the Settlement.  With Court approval, these funds will likely be distributed in a matter of months, rather than years (or never), which is particularly important given the additional hardships imposed by the COVID-19 pandemic.

### 4.  The Risks of Maintaining a Class Through Trial

Unquestionably, "[a] contested class certification motion would likely require extensive discovery and briefing." *Khait v. Whirlpool Corp.*, No. 06-6381 (ALC), 2010 WL 2025106, at *6 (E.D.N.Y. Jan. 20, 2010).  Even if the Court "granted a contested class certification motion, [Defendant] could seek to file a Federal Rule of Civil Procedure 23(f) appeal and/or move to decertify, which would require additional rounds of briefing." *Clark v. Econolab, Inc.*, No. 07 Civ. 8623 (PAC); No. 04 Civ. 4488 (PAC); No. 06 Civ. 5672 (PAC), 2010 WL 1948198, at *6 (S.D.N.Y. May 10, 2010).

Here, although the Settlement Class Representative believes they would succeed on class certification, Defendant would likely advance substantive arguments in opposition. As a result, there is a real risk that this litigation might not be maintained as a class action through trial. This factor favors preliminary approval.

### 5.  Defendant's Ability to Withstand Greater Judgement

A "defendant's ability to withstand a greater judgment, standing alone, does not suggest that the settlement is unfair." *Flores v. Anjost Corp.*, No. 11 Civ. 1531 (AT), 2014 WL 321831, at * 6 (S.D.N.Y. Jan. 29, 2014) (citation omitted).  This factor alone is not an impediment to settlement when other factors favor the settlement.  *See In re Vitamin C Antitrust Litig.*, No.

06– MD–1738 (BMC)(JO), 2021 WL 5289514, at * 6 (E.D.N.Y. Oct. 23, 2021) (acknowledging that "in any class action against a large corporation, the defendant entity is likely to be able to withstand a more substantial judgment, and . . . this fact alone does not undermine the reasonableness of the instant settlement."). Although Defendant may have the ability to withstand a greater judgment, the outstanding result is still more than 100% of the liability for any alleged damages sustained by the proposed Settlement Class as to fees paid and not refunded and weighs in favor of preliminary approval.

### 6. The Reasonableness of Settlement in Light of the Possible Recovery and the Attendant Risk of Litigation

The adequacy of the amount offered in settlement must be judged "not in comparison with the possible recovery in the best of all possible worlds, but rather in light of the strengths and weaknesses of plaintiffs' case." *In re "Agent Orange" Prod. Liab. Litig.*, 597 F. Supp. 740, 762 (E.D.N.Y. 1984), aff'd, 818 F.2d 145 (2d Cir. 1987); *Fleisher v. Phoenix Life Ins. Co.*, No. 11-cv- 8405 (CM); No. 14-cv-8714 (CM), 2015 WL 10847814, at *8 (S.D.N.Y. Sept. 9, 2015) (citations omitted). The Court need only determine whether the Settlement falls within a "range of reasonableness"—a range that "recognizes the uncertainties of law and fact in any particular case and the concomitant risks and costs necessarily inherent in taking any litigation to completion." *Newman v. Stein*, 464 F.2d 689, 693 (2d Cir. 1972).

The Settlement of $742, 940 falls within the range of reasonableness in light of the strengths and weaknesses of plaintiff's case.

### D. The Remainder of Rule 23(e)(2) Factors Support Preliminary Approval

#### 1. The Allocation Plan is Fair and Adequate

"Approval of a plan of distribution for a settlement fund in a class action is governed by the same standards of review applicable to approval of the settlement as a whole, i.e., the

distribution plan must be fair, reasonable and adequate." *In re Namenda Direct Purchaser Antitrust Litig.*, 462 F. Supp. 3d 307, 316 (S.D.N.Y. 2020). Notably, an "allocation formula need only have a reasonable, rational basis, particularly if recommended by experienced and competent Class counsel." *Id.* Here, the allocation plan takes into account "the relative strength and values of different categories of claims." See *In re Telik, Inc. Secs. Litig.*, 576 F. Supp. 2d 570, 581 (S.D.N.Y. 2008). By distributing the amount allocated among the Settlement Class Members, the settlement promotes equity to the Settlement Class as a whole. See *Park v. Thomson Corp.*, No. 05 Civ. 2931, 2008 WL 4684232, at *5 (S.D.N.Y. Oct. 22, 2008); *Careathers v.Red Bull*, No. 13 Civ. 00369 (S.D.N.Y. 2015).

### 2.  Notice

The notice program will use updated contact information maintained by Defendant to deliver notice directly to class members, supplemented by mail where necessary, and will provide clear instructions regarding options to participate, opt out, or object. This approach constitutes the "best notice practicable" under the circumstances and satisfies due process. *In re Merrill Lynch Research Reports Sec. Litig.*, 2007 WL 313474, at *8 (S.D.N.Y. Feb. 1, 2007). Similar methods have been approved in other COVID-19 tuition settlements. See *Wright v. S. New Hampshire Univ.*, 2021 WL 1617145, at *2 (D.N.H. Apr. 26, 2021).

### 3.  Attorneys' Fees

Class Counsel will seek no more than one-third of the fund, consistent with precedent in common fund cases and similar COVID-19 tuition settlements. See *In re Lloyd's Am. Trust Fund Litig.*, 2002 WL 31663577, at *26 (S.D.N.Y. Nov. 26, 2002).

### 4.  Agreements Under Rule 23(e)(3)

There are no side agreements.

### 5.   Equitable Treatment of Class Members

All Settlement Class Members will receive pro rata distributions based on program fees and will release the same claims. This ensures equitable treatment relative to each other. See *In re Telik, Inc. Secs. Litig.*, 576 F. Supp. 2d 570, 581 (S.D.N.Y. 2008).

### E.   Provisional Certification Of The Proposed Settlement Class Is Appropriate

A court may certify a class for settlement purposes where the proposed settlement class meets the Rule 23(a) requirements for class certification, as well as the requirements of one of the subsections of Rule 23(b). See *In re Am. Int'l Grp. Inc. Sec. Litig.*, 689 F.3d 229, 242 (2d Cir. 2012). "Provisional settlement class certification and appointment of class counsel have several practical purposes, including avoiding the costs of litigating class status while facilitating a global settlement, ensuring notification of all class members of the terms of the proposed Settlement Agreement, and setting the date and time of the final approval hearing." *Hadel v. Gaucho, LLC*, No.: 15 Civ 3706 (RLE), 2016 WL 1060324, at *2 (S.D.N.Y. Mar. 14, 2016).

Certifying a class for settlement purposes satisfies the Rule 23 requirements more easily than a contested motion for certification. See *Amchem Prods. Inc. v. Windsor*, 521 U.S. 591, 619 (1997) ("Settlement is relevant to a class certification"); Advisory Committee's Notes to Fed. R. Civ. P. 23(e)(1) ("the standards for certification differ for settlement and litigation purposes"); 4 Newberg on Class Actions § 13:18 (5th ed.) ("The obvious implication . . . is that the standards for certification are laxer at settlement, as that is the only reading that makes sense of the sentence's second clause noting the need for a suitable record.").

Under Rule 23(a), the Court can certify a class for settlement if the plaintiff demonstrates numerosity, commonality, typicality, and adequacy of the class plaintiffs. The " Second Circuit has emphasized that Rule 23 should be 'given liberal rather than restrictive construct,' . . . and 'it

seems beyond peradventure that the Second Circuit's general preference is for granting rather than denying class certification.'" *Gortat v. Capala Bros.*, 257 F.R.D. 353, 361-62 (E.D.N.Y. 2009).

The Parties have agreed, for the purposes of settlement only, to the certification of the Settlement Class. The Settlement Class is defined as:

> Class Members who enrolled for classes at the beginning of the Spring 2020 Semester, who paid tuition and fees, who did not leave Manhattan College prior to March 1, 2020.

The Settlement Class here, for settlement purposes, satisfies all Rule 23(a)(1)-(4) and 23(b)(3) certification requirements.

### F.  The Proposed Settlement Class Meets the Requirements of Rule 23(a)

#### 1. Numerosity Is Satisfied

Rule 23(a) requires that the members of the class be so numerous that joinder of all members is impracticable. While numerosity does not require a fixed number of class members, "numerosity is presumed at a level of 40 members." *Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995). The Settlement Class consists of thousands of members. Therefore, the numerosity requirement is readily satisfied.

#### 2.  Questions of Law and Fact Are Common to Proposed Settlement Class Members

Rule 23(a)(2) requires "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). This is satisfied if the question is "capable of classwide resolution – which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). "[A] single [common] question will" satisfy the commonality inquiry. *Id.* at 359. "The claims for relief need not be identical for them to be common." *Zivkovic v. Laura Christy LLC*, 329 F.R.D. 61, 69

(S.D.N.Y. 2018). Rule 23(a)(2) is a "low hurdle," *Fort Worth Emps.' Ret. Fund v. J.P. Morgan Chase & Co.*, 301 F.R.D. 116, 131 (S.D.N.Y. 2014), and may be satisfied by even one question of law or fact common to the class, *Wal-Mart Stores*, 564 U.S. at 369.

Here, common questions include: (a) whether Defendant accepted money from Settlement Class Members in exchange for an alleged promise to provide in-person educational and campus-based services; (b) whether Defendant provided those services; and (c) whether Settlement Class Members are entitled to a refund for the portion allegedly not delivered. These questions target the same alleged misconduct and satisfy Rule 23(a)(2).

## 1. Settlement Class Representative's Claims Are Typical of Those of the Settlement Class

Typicality requires that the claims of the class representative be typical of those of the class. The commonality and typicality requirements "tend to merge," and are satisfied when "each class member's claim arise[s] from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *Marisol A. v. Giuliani*, 126 F.3d 373, 376 (2d Cir. 1997). "Differences in the degree of harm suffered, or even in the ability to prove damages, do not vitiate the typicality of a representative's claims." *In re Nissan Radiator/Transmission Cooler Litig.*, 2013 WL 4080946, at *19 (S.D.N.Y. May 30, 2013).

Here, Plaintiff's claims arise from the same alleged course of conduct—payment of tuition and fees for Spring 2020 in exchange for in-person services not fully delivered—as the claims of all Settlement Class Members. Any variations in the degree of injury do not defeat typicality. See *In re Playmobil Antitrust Litig.*, 35 F. Supp. 2d 231, 242 (E.D.N.Y. 1998); *In re Sumitomo Copper Litig.*, 182 F.R.D. 85, 92 (S.D.N.Y. 1998).

## 2. Adequacy of Representation

As discussed above, Plaintiff Beck and Class Counsel have vigorously prosecuted this case, engaged in appellate litigation, and negotiated an outstanding settlement. They have no conflicts with the Class and will fairly and adequately protect its interests.

### G.   The Settlement Class Meets the Requirements of Rule 23(b)(3)

Rule 23(b)(3) requires that common questions "predominate over any questions affecting only individual members and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3).

#### 1. Common Issues Predominate

Predominance is satisfied when class-wide issues "can be achieved through generalized proof, and… are more substantial than the issues subject only to individualized proof." *Moore v. PaineWebber, Inc.*, 306 F.3d 1247, 1252 (2d Cir. 2002). Here, whether Defendant allegedly breached obligations to provide in-person services for Spring 2020 is central to every claim and provable through common evidence: contracts, communications, and testimony of officials. Such proof "will not vary among class members." *In re Vitamins Antitrust Litig.*, 209 F.R.D. 251, 264 (D.D.C. 2002).

#### 2. Superiority

A class action here "will achieve economies of scale, conserve judicial resources… and prevent inconsistent adjudications." *Chhab v. Darden Rests. Inc.*, 2016 WL 3004511, at *3 (S.D.N.Y. May 20, 2016). Individual claims would be economically impractical given their modest value, making the class mechanism the superior—and in practice only—method of resolution. See *Sykes v. Mel Harris & Assocs. LLC*, 285 F.R.D. 279, 294 (S.D.N.Y. 2012).

### H.   The Court Should Preliminarily Appoint The Named Plaintiff As Settlement Class Representative And Approve The Proposed Schedule

Plaintiff Beck has actively advanced this litigation, assisted counsel, and participated in settlement discussions. Her interests align with the Class's interests because she, like all Class Members, paid for on-campus services allegedly not fully provided. She is therefore an adequate Class Representative under *Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 60 (2d Cir. 2000).

Moreover, if the Court grants preliminary approval, Plaintiff respectfully requests that the Court approve the proposed schedule set forth in the Settlement Agreement.

## VI.    <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff respectfully requests that the Court enter an order preliminarily approving the proposed Settlement, provisionally certifying the proposed Settlement Class, appointing Named Plaintiff as Settlement Class Representative, and approving the proposed schedule.

DATE: August 28, 2025

Respectfully Submitted,

*/s/ Eric Poulin*
Eric Poulin*
Roy T. Willey, IV*
Poulin, Willey, Anastopoulo, LLC
32 Ann Street
Charleston, SC 29403
843-614-8888
Fax: 843-494-5536
Email: eric@akimlawfirm.com
           cmad@poulinwilley.com

*Admitted Pro Hac Vice

**-AND-**

*/s/ Edward G. Toptani*
Toptani Law Offices
127 East 59th Street, 3rd Floor
New York, NY 10022
(212)-699-8930

17

Fax: (212)-699-8939
Email: edward@toptanilaw.com

*Attorneys for Plaintiff and Putative Class*