# EXHIBIT F

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CZIGANY BECK, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>MANHATTAN COLLEGE,<br><br>*Defendant*. | Civil Action No. 1:20-cv-03229-LLS |

**DECLARATION OF ERIC POULIN IN SUPPORT OF PLAINTIFF'S
MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

I, Eric Poulin, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1. I am a partner at Poulin Willey Anastopoulo, LLC, counsel of record for Plaintiff Czigany Beck in this action. I am an attorney at law licensed to practice in the State of South Carolina, and I have been admitted to appear in this matter pro hac vice. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, I could and would testify competently thereto.

2. I make this declaration in support of Plaintiff's motion for preliminary approval of the class action settlement (the "Settlement") filed herewith.

3. Attached hereto as Exhibit A is a true and correct copy of the Class Action Settlement Agreement and Release (the "Settlement Agreement") between Plaintiff and Defendant (collectively, the "Parties"). Attached as Exhibits C and D to the Settlement Agreement are the proposed Notices to be sent to Settlement Class Members.

4. Both before and throughout this litigation, Class Counsel has conducted a full and thorough investigation of this matter, which included consulting with experts, analyzing the strengths and weaknesses of the potential legal claims under New York law, and reviewing outward-facing materials on Defendant's website and various materials provided by Plaintiff.

5. Ultimately, after litigating Defendant's Motion to Dismiss, which was denied in part by the Court, Defendant's Motion for Summary Judgement, which was granted, filing an Appeal of those decisions, and engaging in discovery, the Parties agreed to negotiate a settlement.

6. The Parties exchanged information necessary to evaluate the case, including assessing tuition and fees for the Spring 2020 Semester as well as airing their respective legal arguments and theories on potential damages. Defendant also provided extensive financial records detailing tuition and fees collected for the Spring 2020 Semester. Plaintiff's counsel also spoke with experts concerning the strengths and weakness of the case, as well as the strengths and weaknesses of Defendant's arguments and defenses. Accordingly, the Parties were able to sufficiently assess the strengths and weaknesses of their cases before undergoing settlement discussions.

   7. After several months of negotiations and other extensive communications. Plaintiff and Defendant reached an agreement that creates a $742, 940 settlement fund, which will be used to make payments to Settlement Class Members and pay notice and administration expenses, an incentive award to the Settlement Class Representative, and attorneys' fees and costs to Class Counsel, to the extent awarded by the Court.

   8. Pursuant to the terms of the Settlement Agreement, Settlement Class Members who do not opt out will receive a pro rata payment after deductions for notice and administration expenses, the incentive award, and attorneys' fees and costs.

   9. Settlement Class Members will have the ability to opt via an election form to receive their payment by check, Venmo, or PayPal. Settlement Class Members must submit an Election Form no later than thirty (30) days after the Effective Date. In the event a Settlement Class Member does not submit an Election Form, the Settlement Class Member will receive a payment in the form of a check sent to the Settlement Class Member's last known mailing address.

   10. My firm, Poulin Willey Anastopoulo, LLC, has significant experience in litigating class actions of similar size, scope, and complexity to the instant action. (See Firm Resume of Poulin Willey Anastopoulo, LLC, a true and accurate copy of which is attached hereto as Exhibit E). My firm has also been recognized by courts across the country for its expertise, skill and effective representation. My firm has zealously represented the interests of the Class and committed substantial resources to the resolution of the class claims.

   11. The Parties agreed to the terms of the Settlement through experienced counsel who possessed all the information necessary to evaluate the case, determine all the contours of the proposed class, and reach a fair and reasonable compromise after negotiating the terms of the Settlement at arm's length and with the assistance of a neutral mediator.

   12. Apart from the Settlement Agreement itself, there are no additional agreements between the Parties.

   13. Plaintiff and Class Counsel recognize that despite our belief in the strength of Plaintiff's claims, and Plaintiff's and the Class's ability to ultimately secure a favorable judgment at trial, the expense, duration, and complexity of protracted litigation would be substantial and the outcome of trial uncertain.

   14. Plaintiff and Class Counsel are also mindful that absent a settlement, the success of Defendant's various defenses in this case, including Defendant's potential motions for summary judgment and motions to strike Plaintiffs' experts, and opposition to Plaintiff's class certification motion, could deprive the Plaintiff and the Settlement Class Members of any potential relief whatsoever. Defendant is represented by highly experienced attorneys who have made clear that absent a settlement, they are prepared to continue their vigorous defense of this case.

   15. Plaintiff and Class Counsel believe that the relief provided by the Settlement weighs heavily in favor of a finding that the Settlement is fair, reasonable, and adequate, and well within the range of approval.

   16. Throughout the pendency of this action, Czigany Beck, the proposed Settlement Class Representative, has adequately and vigorously represented her fellow Settlement Class Members. She has spent significant time assisting her counsel, providing information regarding Defendant's policies and practices, providing pertinent documents, and assisting in settlement negotiations.

17. My firm is unaware of any individual actions that have been instituted by Class Members.

I declare under penalty of perjury that the above and foregoing is true and accurate.

Executed on August 28, 2025 in Charleston, South Carolina.

<u>/s/ Eric Poulin</u>