ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------

CZIGANY BECK, individually and on behalf
of all others similarly situated,

                    Plaintiff,

                v.

MANHATTAN COLLEGE,

                    Defendant.         Case No: 1:20-cv-03229-LLS

-------------------------------------------------------------------------

**~~[PROPOSED]~~ ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT, CERTIFYING SETTLEMENT CLASS, APPOINTING CLASS REPRESENTATIVES, APPOINTING CLASS COUNSEL, AND APPROVING NOTICE PLAN**

**WHEREAS**, a class action is pending before the Court in the instant case; and

**WHEREAS**, Plaintiff Czigany Beck, individually and on behalf of others similarly situated, and Defendant Manhattan College, (collectively, the "Parties") have entered into a Class Action Settlement Agreement, which, together with the exhibits attached thereto, sets forth the terms and conditions for a proposed settlement and dismissal of this action with prejudice as to Defendant and the Settlement Class upon the terms and conditions set forth in the Settlement Agreement ("Agreement"), and the Court having read and considered the Agreement and exhibits attached thereto;

This matter coming before the Court upon the agreement of the Parties, good cause being shown, and the Court being fully advised in the premises,

**IT IS HEREBY ORDERED, DECREED, AND ADJUDGED AS FOLLOWS**:

1.　　Terms and phrases in this Order shall have the same meaning as ascribed to them in the Agreement.

2.　　The Parties have moved the Court for an order approving the settlement of the Action in accordance with the Agreement, which, together with the documents incorporated therein, sets forth the terms and conditions for a proposed settlement and dismissal of the Action with prejudice, and the Court having read and considered the Agreement and having heard the Parties and being fully advised in the premises, hereby preliminarily approves the Agreement in its entirety subject to the Final Approval Hearing referred to in Paragraph 5 of this Order.

3.　　This Court finds that it has jurisdiction over the subject matter of the Action and over all Parties to the Action.

4.　　The Court finds that, subject to the Final Approval Hearing, the Agreement is fair, reasonable, and adequate, within the range of possible approval, and in the best interests of the Settlement Class set forth below. The Court further finds that the Agreement substantially fulfills the purposes and objectives of the class action and provides substantial relief to the Settlement Class without the risks, burdens, costs, or delay associated with continued litigation, trial, and/or appeal. The Court also finds, for settlement purposes only, that the Agreement: (a) is the result of arm's-length negotiations between experienced class action attorneys; (b) is sufficient to warrant notice of the settlement and the Final Approval Hearing to be disseminated to the Settlement Class; (c) meets all applicable requirements of law; and (d) is not a finding or admission of liability by the Defendant or any other person or entity, nor a finding of the validity of any claims asserted in the Action or of any wrongdoing or any violation of law.

**FINAL APPROVAL HEARING**

5.     The Final Approval Hearing shall be held before this Court on _January 15th_, at _3:30_ a.m./p.m. at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York 10007-1312, in courtroom 21C to determine (a) whether the proposed settlement of the Action on the terms and conditions provided for in the Settlement Agreement are fair, reasonable, and adequate and should be given final approval by the Court; (b) whether a judgment and order of dismissal with prejudice should be entered in the Action; (c) whether to approve the amounts payable as Attorneys' Fees and Costs; and (d) whether to approve the Service Award. The Court may adjourn the Final Approval Hearing without further notice to members of the Settlement Class.

6.     Class Counsel shall file papers in support of their application for Attorneys' Fees and Costs and the Service Award (collectively, the "Fee Petition") with the Court no later than fourteen (14) days before the Notice Response Deadline.

7.     Papers in support of final approval of the Agreement and any supplementation to the Fee Petition shall be filed with the Court no later than ten (10) days prior to the Final Approval Hearing.

## CERTIFICATION OF THE SETTLEMENT CLASS

8.     For purposes of settlement only: (a) Poulin Willey Anastopoulo, LLC is appointed Class Counsel for the Settlement Class; and (b) Czigany Beck is named Settlement Class Representative. The Court finds that Class Counsel has significant experience in class action litigation and a strong understanding of the applicable laws and procedures to effectively represent the interests of the Class and that Plaintiff Beck will adequately protect the interest of the Settlement Class defined below.

9.      For purposes of settlement only, the Court conditionally certifies the following Settlement Class as defined in the Agreement: all full-time students enrolled as undergraduate students during the Spring 2020 semester. Excluded from the Settlement Class are students who enrolled for classes at the beginning of the Spring 2020 semester, who paid no tuition or fees, or who left Manhattan College prior to March 1, 2020; Defendant; Defendant's officers, directors, agents, trustees, representatives, employees, principals, servants, partners, joint venturers, and/or entities under Defendant's control.

10.      The Court finds, subject to the Final Approval Hearing referred to in Paragraph 5, that the Settlement Agreement is fundamentally fair, adequate, and reasonable, and, solely within the context of and for the purposes of settlement only, that the Settlement Class satisfies the requirements of Fed. R. Civ. P. 23(a)(1)-(4) and 23(b)(3) specifically, that: the Settlement Class is so numerous that joinder of all members is impracticable; there are questions of fact and law common to the Settlement Class; the claims of the Settlement Class Representative are typical of the claims of the members of the Settlement Class; the Class Representatives and Class Counsel will fairly and adequately protect the interests of the members of the Settlement Class; common questions of law or fact predominate over questions affecting individual members; and a class action is a superior method for fairly and efficiently adjudicating the Action.

11.      If the Settlement Agreement does not receive the Court's final approval, or if final approval is reversed on appeal, or if the Settlement Agreement is terminated or otherwise fails to become effective, the Court's grant of settlement class certification shall be vacated.

## NOTICE AND ADMINISTRATION

12.      The Court approves, as to form, content, and distribution, the Notice Plan set forth in the Settlement Agreement, including all forms of Notice to the Settlement Class as set forth in

the Agreement. The notice plan shall be commenced within fifteen (15) days after entry of this Order, as outlined in Section 2.3 of the Settlement Agreement. The Court finds that such Notice is the best notice practicable under the circumstances, and that the Notice meets the requirements of Due Process. The Court further finds that the Notice is reasonably calculated to, under all circumstances, reasonably apprise members of the Settlement Class of the pendency of this action, the terms of the Agreement, and the right to object to the settlement and to exclude themselves from the Settlement Class. In addition, the Court finds that no notice other than that specifically identified in the Agreement is necessary in this Action. The Parties, by agreement, may revise the Notice Forms in ways that are not material, or in ways that are appropriate to update those documents for purposes of accuracy or formatting.

13.     Pursuant to Section 3 of the Agreement, the Settlement Claims Administrator is directed to publish the Notice forms on the Settlement Website and to send direct notice via U.S. Mail and email, in accordance with the notice plan called for by the Agreement. The Settlement Claims Administrator shall also maintain the Settlement Website to provide full information about the Settlement.

## REQUESTS FOR EXCLUSION FROM CLASS

14.     Any person falling within the definition of the Settlement Class may, upon valid and timely request, exclude themselves or Opt-Out from the Settlement Class. Any such person may do so if, on or before the Notice Response Deadline, which the Court orders to be set as forty-five (45) days after dissemination of the Notice, they comply with the exclusion procedures set forth in the Agreement and Notice. Any Settlement Class Members so excluded shall neither be bound by the terms of the Agreement nor entitled to any of its benefits.

15. Any members of the Settlement Class who elect to exclude themselves or Opt-Out of the Agreement must file a written request with the Settlement Claims Administrator, received or postmarked no later than the Notice Response Deadline. The request for exclusion must comply with the exclusion procedures set forth in the Agreement and Notice and include the Settlement Class Member's name and address, a signature, the name and number of the case, and a statement that he or she wishes to be excluded from the Settlement Class for the purposes of this Settlement. Each request for exclusion must be submitted individually. So called "mass" or "class" opt-outs shall not be allowed.

16. Individuals who Opt-Out of the Settlement Class relinquish all rights to benefits under the Agreement and will not release their claims. However, members of the Settlement Class who fail to submit a valid and timely request for exclusion shall be bound by all terms of the Agreement and the Final Judgment, regardless of whether they subsequently requested to Opt-Out from the Agreement.

## APPEARANCES AND OBJECTIONS

17. At least twenty-one (21) calendar days before the Final Approval Hearing, any person who falls within the definition of the Settlement Class and who does not request exclusion from the Settlement Class may enter an appearance in the Action, at their own expense, individually or through counsel of their own choice. Any Settlement Class Member who does not enter an appearance will be represented by Class Counsel.

18. Settlement Class Members who have not timely filed a request to Opt-Out may object to the fairness, reasonableness, or adequacy of the Agreement or to a Final Judgment being entered dismissing the Actions with prejudice in accordance with the terms of the Agreement, or the Fee Petition. At least fourteen (14) days prior to the Notice Response Deadline papers

supporting the Fee and Expense Award shall be filed with the Court and posted to the Settlement Website. Members of the Settlement Class may object on their own or may do so through separate counsel at their own expense.

19.     To object, members of the Class must sign and file a written objection no later than on or before the Notice Response Deadline which the Court orders to be set as 45 days after dissemination of Notice. To be valid, the objection must comply with the objection procedures set forth in Section 2.5 of the Agreement.

20.     Members of the Class who fail to file and serve timely written objections in compliance with the requirements of this Paragraph and the Agreement shall be deemed to have waived any objections and shall be foreclosed from making any objections (whether by appeal or otherwise) to the Agreement or to any of the subjects listed in Paragraph 5, above, (a) whether the proposed settlement of the Action on the terms and conditions provided for in the Agreement is fair, reasonable, and adequate and should be given final approval by the Court; (b) whether a judgment and order of dismissal with prejudice should be entered in the Action; (c) whether to approve the payment of the Attorneys' Fees and Expenses A; and (d) whether to approve the payment of the Class Representative Award.

## FURTHER MATTERS

21.     All further proceedings in the Action are ordered stayed until Final Judgment or termination of the Agreement, whichever occurs earlier, except for those matters necessary to obtain and/or effectuate final approval of the Agreement.

22.     Members of the Settlement Class shall be bound by all determinations and judgments concerning the Agreement and Final Approval of same, whether favorable or unfavorable.

23.     The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Agreement. The Court may approve the Agreement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Class.

24.     Any Settlement Class Member who does not timely and validly request exclusion from the Settlement Class: (a) shall be bound by the provisions of the Agreement and all proceedings, determinations, orders and judgments in the Action relating thereto, including, without limitation, the Final Judgment, and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (b) shall forever be barred and enjoined from directly or indirectly filing, commencing, instituting, prosecuting, maintaining, or intervening in any action, suit, cause of action, arbitration, claim, demand, or other proceeding in any jurisdiction, whether in the United States or elsewhere, on their own behalf or in a representative capacity, that is based upon or arises out of any or all of the Released Claims against any of the Defendant and the other Released Parties, as more fully described in the Agreement.

25.     Pursuant to this Order:

    a. The Notice process shall be commenced within fifteen (15) days of the Preliminary Approval Order being signed by the Court, as outlined in Section 2.3 of the Agreement.

    b. Class Counsel shall file papers in support of their Fee Petition with the Court no later than 14 days prior to the Notice Response Deadline.

    c. Objections shall be filed no later than the Notice Response Deadline, which is forty-five (45) days after dissemination of Notice.

    d. Requests to Opt-Out shall be submitted on, or before, the Notice Response Deadline, which is forty-five (45) days after dissemination of Notice.

    e. Papers in support of final approval of the Agreement and any supplementation to the Fee Petition shall be filed with the Court on or before ten days prior to the Final Approval.

    f. The Final Approval Hearing shall be held before this Court no less than ninety (90) days after the Short Form Notice is disseminated at the Daniel Patrick

Moynihan United States Courthouse, 500 Pearl Street, New York, New York 10007-1312, in courtroom 21C.

IT IS SO ORDERED, this 4th day of Sept. , 2025.

*Louis L. Stanton*

Honorable Louis Stanton
United States District Judge