ORIGINAL

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CZIGANY BECK, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　*Plaintiff,*<br><br>v.<br><br>MANHATTAN COLLEGE,<br><br>　　　　　　　　*Defendant.* | Civil Action No. 1:20-cv-03229-LLS |

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/15/26

[~~PROPOSED~~] ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR FINAL *LLS*
APPROVAL OF CLASS ACTION SETTLEMENT

**WHEREAS,** the Parties to the above-captioned putative class action (the "Action") executed a Settlement Agreement dated as of July 1, 2025, (the "Settlement");

**WHEREAS,** on September 4, 2025, the Court entered an Order Granting Preliminary Approval of the Settlement, Directing Notice to the Class, Setting a Hearing on Final Approval and Provisionally Certifying the Settlement Class ("Preliminary Approval Order"), which, *inter alia*: (i) preliminarily approved the Settlement; (ii) preliminarily determined that, for purposes of the Settlement only, the Action should proceed as a class action, pursuant to the Class Action Fairness Act, on behalf of the Settlement Class defined as:

> All full-time students enrolled as undergraduate students during the Spring 2020 semester. Excluded from the Settlement Class are students who enrolled for classes at the beginning of the Spring 2020 semester, who paid no tuition or fees, or who left Manhattan College prior to March 1, 2020; Defendant; Defendant's officers, directors, agents, trustees, representatives, employees, principals, servants, partners, joint venturers, and/or entities under Defendant's control.

(iii) preliminarily appointed Named Plaintiff Czigany Beck as Settlement Class Representative;

(iv) preliminarily appointed Poulin, Willey, Anastopoulo, LLC and Toptani Law as Class Counsel;

(v) approved the forms and manner of notice of the Settlement to potential Settlement Class

1

Members; (vi) directed that appropriate notice of the Settlement be given to the potential Settlement Class; and (vii) set a hearing date to consider final approval of the Settlement;

**WHEREAS**, notice of the Settlement was provided to Settlement Class Members in accordance with the Court's Preliminary Approval Order;

**WHEREAS**, on or before January 5, 2026, Named Plaintiff filed their Motion for Final Approval of Class Action Settlement ("Final Approval Motion") and accompanying Memorandum of Law and supporting exhibits;

**WHEREAS**, on January 15, 2026, this Court held a hearing to determine whether the Settlement was fair, reasonable, and adequate to the Settlement Class (the "Final Approval Hearing"); and

**WHEREAS**, based on the foregoing, having considered the papers filed and proceedings held in connection with the Settlement and all other files, records, and proceedings in the Action, and being otherwise fully advised,

**THE COURT HEREBY FINDS AND CONCLUDES** that:

A.   This Court has subject matter jurisdiction to approve the Agreement, including all exhibits thereto, as well as personal jurisdiction over all the Parties and all Settlement Class Members for purposes of the Settlement.

B.   This Order incorporates the definitions in the Settlement and all terms used in the Order have the same meanings as set forth in the Settlement, unless otherwise defined herein.

C.   The notice provided to the potential Settlement Class in accordance with the Preliminary Approval Order constituted the best notice practicable under the circumstances; constituted notice that was reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the Action, their right to object to or exclude themselves from

the proposed Agreement, and to appear at the Final Approval Hearing; was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and met all applicable requirements under the law.

D. For purposes of the Settlement only, the Action may proceed as a class action pursuant to the Class Action Fairness Act.

E. Class Counsel and the Settlement Class Representative have fairly and adequately represented the Settlement Class, both with respect to litigation of the Action and for purposes of negotiating, entering into, and implementing the Settlement. Class Counsel and the Settlement Class Representatives have satisfied the requirements of Federal Rule 23.

F. Pursuant to Federal Rule 23, the Court grants final approval of the Settlement, as: (i) it is in all respects fair, reasonable, and adequate as to, and in the best interests of, the Settlement Class Members; (ii) it was the product of informed, good faith, arm's-length negotiations among experienced counsel, and the negotiations were facilitated by experienced professional mediators; (iii) it was based on a record that is sufficiently developed to have enabled the Settlement Class Representatives and Manhattan College to adequately evaluate their positions; (iv) the relief provided to the Settlement Class is adequate, taking into account the costs, risks, and delay of continued litigation and the effectiveness of the plan of allocation as outlined in the Settlement; (v) the allocation of the Settlement Fund treats Settlement Class Members equitably relative to one another; and (vi) the Settlement was positively received by the Settlement Class.

G. There have been no Settlement Class Members who have timely and validly requested exclusion from the Settlement Class.

H. There have been no Settlement Class Members who have timely and validly objected to the Settlement.

3

Case 1:20-cv-03229-LLS    Document 91-1    Filed 12/23/25    Page 4 of 6

I.       The Settlement Class Representative and the Settlement Class Members, and all and each of them, are hereby bound by the terms of the Settlement.

**NOW, THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED** that:

1.       The Settlement is fair, reasonable, and adequate as to, and in the best interests of, the Settlement Class Members.

2.       The Court grants final class certification, for settlement purposes only, of the Settlement Class that it provisionally certified in its Preliminary Approval Order.

3.       The Court confirms the appointment of Czigany Beck as Settlement Class Representative.

4.       The Court confirms the appointment of the law firms of Poulin, Willey, Anastopoulo, LLC and Toptani Law as Class Counsel.

5.       The Court confirms the appointment of Kroll as Settlement Administrator. It shall perform the duties and responsibilities set forth in the Settlement Agreement with respect to the distribution of the Settlement Fund.

6.       The Settlement is binding on and has *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiff and Releasing Parties with respect to Released Claims.

7.       Final Judgment shall be, and hereby is, entered dismissing the Action (including all individual claims and Settlement Class claims presented thereby) on the merits and with prejudice, and without fees or costs to any Party, except as provided in the Settlement Agreement.

8.       As of the Effective Date, the Releasing Parties shall be deemed to have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged all Released Claims, as defined in the Settlement, against the Released Parties, and shall forever

4

be barred and enjoined from filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in any lawsuit or other action in any jurisdiction relating to or concerning any or all of the Released Claims against any of the Released Parties. The Released Claims include any unknown claims that reasonably could have arisen out of the same facts alleged in the Action that the Releasing Parties do not know or suspect to exist in their favor at the time of the release, which, if known by them, might have affected their decision to agree to the Settlement, their decision to release the Released Claims, or their decision not to object to the Settlement.

9. The manner of distribution of the Available Settlement Fund as described in the Settlement and in the Notices to potential Settlement Class Members is hereby approved, subject to modification by further order of this Court, which may, at the discretion of the Court, be entered without further notice to the Settlement Class. Any order or proceedings relating to the manner of distribution of the Available Settlement Fund, so long as they are not materially inconsistent with this Final Judgment, shall not operate to terminate or cancel the Settlement or affect the finality of this Final Judgment approving the Settlement.

10. Neither the Settlement nor this Final Judgment nor the fact of the Settlement is an admission or concession by Manhattan College of any fault, wrongdoing, or liability whatsoever. This Final Judgment is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in the Action. Nothing relating to the Settlement shall be offered or received in evidence as an admission, concession, presumption, or inference against Manhattan College or the Released Parties in any proceeding, other than such proceedings as may be necessary to consummate or enforce the Settlement.

11. Without affecting the finality of this Final Judgment for purposes of appeal, the Court retains continuing and exclusive jurisdiction as to all Settlement Class Members and matters

relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement and the Final Judgment, and for any other necessary purpose.

12. The finality of this Final Judgment shall not be affected by any order entered regarding Class Counsel's motion for an award of attorneys' fees and reimbursement of expenses and/or any order entered regarding awards to the Settlement Class Representative, which shall be considered separate from this Final Judgment.

13. The Parties are hereby directed to implement and consummate the Settlement according to the terms and provisions of the Settlement Agreement, which are hereby approved and incorporated herein by reference.

14. There is no just reason to delay the entry of this Final Judgment as a final judgment in this Action. Accordingly, the Clerk of the Court is expressly directed to immediately enter this Final Judgment in this Action and to close the case.

15. In the event that this Final Judgment does not become Final in accordance with the Settlement, then this Final Judgment shall be rendered null and void to the extent provided by and in accordance with the Settlement, and this Order shall be vacated. In such event, all orders entered and releases delivered in connection with the Settlement shall be null and void, except those necessary to effect termination of the Settlement. In such event, the Action shall return to its status immediately prior to execution of the Settlement.

IT IS SO ORDERED, this 15th day of January, 2026

*Louis L. Stanton*
Honorable Louis Stanton
United States District Judge